**In re Kovler**

Disciplinary Board Docket no. 172 D.B. 2002.

LEONARD, *Member,* May 15, 2009—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary

Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

By order dated December 20, 2002, the Supreme Court of Pennsylvania disbarred Mark Allan Kovler reciprocally to the discipline imposed by the Supreme Court of the State of New York Appellate Division: Second Department on July 8, 2002. Mr. Kovler filed a petition for reinstatement to the bar in Pennsylvania on July 28, 2008. Following investigation of the petition, Office of Disciplinary Counsel filed a response to petition for reinstatement on September 26, 2008 and did not list any objections.

A reinstatement hearing was held on November 3, 2008, before a District III Hearing Committee comprised of Chair Larry B. Selkowitz, Esquire, and Members Michael T. Hudock, Esquire and Shaun O'Toole, Esquire. Respondent was represented by Richard H. Lindner, Esquire. Petitioner testified on his own behalf and presented the testimony of three witnesses. Petitioner submitted nine exhibits, which were admitted into evidence.

Petitioner filed a brief with the Hearing Committee on December 22, 2008. Office of Disciplinary Counsel did not file a brief.

The Hearing Committee filed a report on March 2, 2009 and recommended that the petition for reinstatement be granted.

This matter was adjudicated by the Disciplinary Board at the meeting on March 31, 2009.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is Mark Allan Kovler. He was born in 1958 and was admitted to practice law in the Commonwealth in 1991. He was admitted to the practice of law in the State of New York in 1984. His current address is 2 Ryder Road, Briarcliff Manor, NY 10510.

(2) Petitioner was disbarred on consent by order of the Supreme Court of New York, Appellate Division: Second Department, entered on July 8, 2002.

(3) By order of the Supreme Court of Pennsylvania dated December 20, 2002, petitioner was reciprocally disbarred pursuant to Rule 216, Pa.R.D.E.

(4) The circumstances leading to petitioner's disbarment in New York concerned a fraudulent conveyance claim against petitioner and his wife that had been initiated by a creditor as an amendment to her legal malpractice action against petitioner in the United States District Court for the Southern District of New York.

(5) The legal malpractice action was dismissed by the court but the fraudulent conveyance claim proceeded to trial before the Bankruptcy Court.

(6) The relevant findings in the opinion of the bankruptcy judge were that in 1994 petitioner had fraudulently conveyed his interest in his jointly-held marital residence to his wife, with the intent to hinder, delay, or defraud creditors; that he was involved in the creation

of false evidence regarding the deed prepared in connection with that conveyance and a marital separation agreement that he and his wife had purportedly entered into in 1994 and that petitioner later gave false testimony concerning these matters in depositions in the Federal District Court action and during depositions and at the trial before the Bankruptcy judge in November 1999.

(7) In his resignation from the New York Bar, as well as in the instant reinstatement proceedings, petitioner acknowledged his misconduct.

(8) At the reinstatement hearing in Pennsylvania, petitioner presented evidence as to circumstances that were relevant to his misconduct. These circumstances include the following:

(a) Serious health problems suffered by his son from the time of birth in 1987 and throughout the period of the misconduct, due to the son's affliction with "failure to thrive" syndrome.

(b) His daughter's serious health problems, including kidney surgery in 1992, severe asthma starting in 1993; severe clinical depression, starting in 1995; and a brain tumor diagnosed in 1998.

(c) The death of his grandmother in May 1994, which was distressing to petitioner as he had been partially reared by her.

(d) A stroke suffered by his father-in-law in 1994, which took an emotional toll on petitioner and his wife, and also professionally for petitioner, as the father-in-law was co-counsel in a complicated litigation matter.

(e) Petitioner's recurring bouts with depression, first diagnosed in 1994.

(f) Financial difficulties brought on by the health problems of the children, petitioner's health problems, and legal fees and expenses attributable to the defense of the Federal District Court actions.

(g) The protracted illness and death of petitioner's brother-in-law from AIDS in 1995.

(h) Petitioner's diagnosis with a possible heart attack in 1995 and ongoing cardiac problems in 1996.

(9) Petitioner has never been the subject of any criminal charges relating to the matters referenced in the opinion of the Bankruptcy judge.

(10) Petitioner promptly and fully satisfied the judgment as to damages entered against him and his wife by the Bankruptcy Court on October 13, 2000 in the amount of $162,631.57, the bulk of which consisted of an award on the plaintiff-creditor's claims for attorney's fees.

(11) Petitioner has no record of discipline in New York or Pennsylvania prior to the charges that led to his disbarment in both jurisdictions.

(12) In early 2000, petitioner began to wind up his practice and ceased taking on new clients.

(13) Petitioner's work history since January 2000 has included the following:

(a) Continuous employment as a bar mitzvah and bat mitzvah instructor at his synagogue and at two other Jewish community centers.

(b) Self-employment preparing tax returns.

(c) Employment with MetLife relating to the sale of securities and insurance products from 2002 through 2005, as well as self-employment in those areas thereafter.

(14) In regard to his MetLife employment, petitioner was cited by NASD for "replacing MetLife business outside of the MetLife enterprise" and he entered into a consent agreement for sanctions involving a 10-business day suspension from association with any NASD member in any capacity, as well as a fine of $5,000.

(15) The NASD (now FINRA) is a private organization and the sanctions had no adverse impact on petitioner's securities and insurance licenses.

(16) Petitioner has not held himself out as a lawyer during his disbarment.

(17) Petitioner has engaged in civic activities during his disbarment by volunteering with the Boy Scouts, Girl Scouts, crew chief for a local ambulance corps, and as a CPR instructor.

(18) Petitioner has been under the care and treatment of a psychiatrist, Richard Luria M.D., since April 5, 2007, and his depression has been controlled with medication and psychotherapy.

(19) Petitioner expressed recognition of his wrongdoing and sincere remorse.

(20) Petitioner feels he is in more control of his life and better able to manage adversity.

(21) Petitioner fulfilled the necessary requirements for continuing legal education.

(22) Petitioner has maintained his competence and learning in the law by subscribing to an online research service, where he reviews advance sheets, case law and legal articles; frequently attending CLE programs; and attending courses required in regard to his insurance and securities license, which courses included discussions involving the law.

(23) If reinstated, petitioner intends to move to Pennsylvania with his family and practice in areas relating to discrimination and assisting military personnel.

(24) Petitioner introduced the evidence of three character witnesses by telephone.

(25) Edward Montoya, Esquire, Kerry Brian Stephens, Esquire and Robert J. Goldstein, Esquire, are attorneys who attested to petitioner's good character and support his reinstatement to the practice of law in Pennsylvania.

(26) Petitioner introduced three letters of character in support of petitioner's reinstatement.

(27) Office of Disciplinary Counsel does not object to the petition for reinstatement.

## III. CONCLUSIONS OF LAW

(1) Petitioner's misconduct is not so egregious as to preclude reinstatement. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986).

(2) Petitioner engaged in a sufficient period of qualitative rehabilitation during his disbarment. *In the Matter of Verlin,* 557 Pa. 47, 731 A.2d 600 (1999).

(3) Petitioner has demonstrated by clear and convincing evidence that his present resumption of the practice of law will not have a detrimental effect upon the integrity and standing of the bar, the administration of justice, or the public interest, and he has the moral qualifications, competency and learning in the law required for admission to practice law in the Commonwealth. Pa.R.D.E. 218(c)(3)(i).

## IV. DISCUSSION

Petitioner seeks reinstatement to the bar of the Supreme Court of Pennsylvania following his reciprocal disbarment from New York State ordered by the Supreme Court of Pennsylvania on December 20, 2002.

Petitioner's request for reinstatement to the bar following disbarment is initially governed by the standard set forth by the Supreme Court of Pennsylvania in *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). The *Keller* opinion articulates a threshold question which must be addressed before the reinstatement requirements of Pa.R.D.E. 218(c)(3)(i) are examined. This threshold inquiry is whether the magnitude of the breach of trust would permit the resumption of practice without a detrimental effect on the integrity and standing of the bar or the administration of justice, nor be subversive of the public interest. *Keller* thus requires a determination that the underlying misconduct is not so offensive as to preclude reinstatement.

In the instant matter, petitioner's misconduct occurred in the State of New York. He was disbarred in that jurisdiction after the United States Bankruptcy Court for the

Southern District of New York found that petitioner and his spouse had engaged in the fraudulent conveyance of their home in order to insulate it from a possible judgment in a legal malpractice action then pending against petitioner. While certainly petitioner's misconduct damaged the public's confidence in the legal profession, it is not so egregious as to stand as an outright bar to the consideration of his petition for reinstatement. *In the Matter of Verlin,* 557 Pa. 47, 731 A.2d 600 (1999); *In the Matter of Costigan,* 541 Pa. 459, 664 A.2d 518 (1995).

Having concluded that petitioner's misconduct is not so egregious as to prevent reinstatement, the board must determine whether petitioner met his burden of proving by clear and convincing evidence that his resumption of the practice of law at this time will not have a detrimental impact on the integrity and standing of the bar, the administration of justice or the public interest, and that he has the moral qualifications, competency and learning in the law required for admission to practice law in Pennsylvania. Pa.R.D.E. 218(c)(3)(i). In order to make this determination, the board considers the quantity of time that has passed since petitioner was disbarred and his efforts at a qualitative rehabilitation. The challenge presented to petitioner is to show that sufficient time has passed to dissipate the detrimental impact of his conduct on the public trust. *In the Matter of Perrone,* 565 Pa. 563, 777 A.2d 413 (2001).

Petitioner was reciprocally disbarred on December 20, 2002. At the time of the reinstatement hearing on November 3, 2008, he had been disbarred for nearly six years. Following his disbarment petitioner did not practice law or hold himself out as a licensed attorney. He

held continuous employment as a bar mitzvah and bat mitzvah instructor at his synagogue and other Jewish community centers, he was self-employed preparing tax returns, and he worked for approximately three years for MetLife selling securities and insurance products. He continued his involvement in civic activities. Petitioner revealed many personal problems at issue in his life during the time frame of his misconduct. As to his own health issues, he reports that his depression is controlled by medication and psychotherapy. Petitioner believes he is better able to cope with adverse events in his life.

Petitioner expressed credible remorse for his actions that resulted in disbarment and fully acknowledged his misconduct. If reinstated, he plans to move to Pennsylvania and practice law in the Commonwealth.

The record supports the conclusion that petitioner's six years of disbarment have been a time of qualitative rehabilitation sufficient to dissipate the impact of the original misconduct on the public trust.

In support of his reinstatement request, petitioner completed continuing legal education courses, and reviewed advance sheets, case law and legal articles on a regular basis. He presented the testimony of three character witnesses who testified credibly as to petitioner's remorse and recognition of his wrongdoing. All of the witnesses are attorneys who support petitioner's return to the practice of law.

The board concludes that petitioner has met his burden of showing that he is morally qualified, competent and learned in the law and so recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Mark Allan Kovler, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Jefferies was absent and did not participate in the adjudication.

Board Member Gentile did not participate in the adjudication.

## ORDER

And now, July 24, 2009, upon consideration of the report and recommendations of the Disciplinary Board dated May 15, 2009, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.